IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**IN ADMIRALTY**

Case #:

IN THE MATTER OF THE:

COMPLAINT OF GEORGE I. PINO
AS OWNER OF MOTOR VESSEL
GIP-C II BEARING USCG OFFICIAL #
1294732 FOR EXONERATION
FROM OR LIMITATION OF LIABILITY.

       Petitioner.

_____/

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW the Petitioner, GEORGE I. PINO, (hereinafter referred to as "Petitioner") as Owner Motor Vessel GIP-C II, bearing United States Coast Guard Official Number 1294732 (hereinafter "Subject Vessel") and pursuant to the provisions of 46 U.S.C. Section 30501 *et seq*. and Supplemental Rule F, Petitions this Court for Exoneration from, or in the alternative for Limitation of Liability to the value of the interest of the Petitioner in said vessel for all claims involving the Subject Vessel arising out of the September 4, 2022, accident, which occurred in Monroe County, Florida as follows:

1. This action arises within the Admiralty and Maritime Jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h) as more fully appears below and is brought by the Petitioner, pursuant to the terms of the Limitation of Liability Act; 46 U.S.C Section 30501 *et seq*. and Federal Rule of Civil Procedure, Supplemental Rule F, governing Limitation of Liability actions.

2.  Subject Matter Jurisdiction of this matter arises under 28 U.S.C. Section 1333.

3.  The events, acts, and circumstances giving rise to this action all occurred on the navigable waters of the United States during traditional maritime activity.

4.  The Petitioner seeks to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46 U.S. Code Section 30501 *et seq.*

5.  The Petitioner was the sole owner of the Subject Vessel.

6.  At all times material hereto, the Subject Vessel was located in the State of Florida within the territorial limits of the United States District Court for the Southern District of Florida, specifically in Monroe County, Florida.  Accordingly, Venue is proper in this District pursuant to Supplemental Rule F(9).

7.  Prior to and at all times hereinafter described, the Petitioner exercised due diligence to keep and maintain the Subject Vessel in seaworthy condition; and at all times hereinafter described she was in all respects seaworthy and fit for the use in which she was engaged as a recreational cruising vessel.

8.  On the afternoon of September 4, 2022, the Subject Vessel left a dock at Ocean Reef Club in North Key Largo and navigated north to the shallow waters off of Elliott Key.

9.  At Elliott Key, in an area known as Billy's Point, the Petitioner, his family members and friends of his daughter rendezvoused with other vessels for an afternoon of recreation with family and friends.

10. The weather and sea conditions in this area of the Upper Keys were favorable.

11. In the late afternoon, the Petitioner, with family and guests aboard the Subject Vessel headed south west on the Intracoastal Waterway ("ICW") to return to Ocean Reef in North Key Largo.

12. At approximately, 6:30 pm, the Subject Vessel was subjected to a large wake thrown by a large center console or sport fish type vessel heading north east on the ICW while both boats were transiting the Cutter Bank Shallows in the vicinity of navigational marker 15.

13. Based on information and belief, the shallow water in this area of Cutter Bank amplified the size of the wake thrown by the northbound vessel.

14. This vessel left the scene and to date has not been identified.

15. The Petitioner adjusted course to meet the wake and impacted the wake.

16. The Subject Vessel then began to turn unexpectedly on its own and put itself on a course roughly heading toward navigational marker 15.

17. The Petitioner attempted to steer and correct course, but was unable to prevent an allision with navigational marker 15.

18. The starboard side of the Subject Vessel allided with navigational marker 15 causing extensive damage.

19. All 14 occupants of the Subject Vessel, including the Petitioner we ejected by the force of the impact.

20. The Subject Vessel then capsized and sank.

21. The Petitioner regained consciousness in the water and despite a bleeding head injury swam into the wreckage of the Subject Vessel to attempt to rescue his family and guests.

22. The Petitioner was able to pull one minor from under the Subject Vessel and transfer her to a Good Samaritan.

23. Good Samaritans and multiple responding agencies recovered persons in the water and transported them to land for emergency medical treatment.

24. The Petitioner was later hospitalized due to his injuries.

25. There was one fatality resulting from the allision.

26. Multiple occupants of the Subject Vessel sustained serious personal injuries.

27. The Subject Vessel had a fair market value of approximately $5,000.00 after the voyage in question, taking into account the cost to repair the damage sustained.   A Declaration of Value, signed by, Dave Morris, will be filed with the Court in support of this post voyage valuation.

28. Since the accident, the Petitioner has received multiple written claims alleging negligence and asserting damages in amounts that clearly exceed the post voyage value of the Subject Vessel.

29. The Subject Vessel has not been arrested or attached to answer for any claim in any District.

30. Although the Petitioner disputes the negligence allegations made by the Claimants, their damages, and any consequential loss or damages, were not caused or contributed to by any fault, neglect, want of care or design on the part of the Petitioner, or anyone for whom the Petitioner may be legally responsible.

31. To this date, with the Subject Vessel in the custody of the Florida Fish and Wildlife Conservation Commission, Division of Law Enforcement, the Petitioner has been unable to inspect the Subject Vessel.

32. It remains unknown why the Subject Vessel did not respond to steering inputs as expected during the events leading up to the allision.

33. There was no negligence on the part of Petitioner, or anyone for whom the Petitioner may be legally responsible, that caused or contributed to death, the losses or damages sustained by the Claimants.

34. Although the Petitioner disputes the negligence allegations made by Claimants, their damages, and any consequential  loss or damage, described above were done, occasioned and incurred, entirely without fault on the part of Petitioner, or anyone for whom the Petitioner may be legally responsible, and the Petitioner is entitled to exoneration there from.

35. Although the Petitioner disputes the negligence allegations made by the Claimants, their damages, and any consequential loss, or damage, described were done, occasioned, and incurred without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. Section 30505.

36. Petitioner claims the benefit of the provisions of Section 30501 *et seq.* of Title 46, United States Code and Supplemental Rule F, Federal Rules of Civil Procedure, in this proceeding by reason of the facts and circumstances set forth above. Petitioner further desires to contest liability and the liability of Subject Vessel, to any extent whatsoever for any and all loss, damage and injury caused by or resulting from the accident described above, and to be exonerated from all such liability.

37. In the event the Court determines there was negligence in the operation and/or use of Subject Vessel which contributed in any way to any alleged injury, loss or damage on the part any person, vessel or claimant, such negligence occurred wholly without the privity or knowledge of the Petitioner within the meaning of 46 U.S.C. Section 30505.

38. By reason of the aforesaid, if any liability should be adjudged and imposed upon the Petitioner, then the Petitioner is entitled to Limitation of and/or Exoneration from said liability pursuant to Section 30505 et seq. of Title 46 United States Code.

39. The post voyage value of the Subject Vessel and Petitioner's interests therein is **Five Thousand Dollars ($5,000.00)** as will be set forth in the Morris Declaration of Value.

40. Pursuant to the provisions of Supplemental Rule F this action is being filed within six (6) months of the first receipt of written claim by Petitioner.

41. Petitioner will move separately for approval of a Letter of Undertaking in the amount of **Five Thousand Six Hundred Dollars ($5,600.00)** for the benefit of the claimants which represents the post voyage value of the Subject Vessel and two years of interest.

42. Should the Court require it, Petitioner is prepared to give bond or stipulation for any amount that may be determined to be necessary by the Court, and as provided for under the laws of the United States and Federal Rules of Civil Procedure.

43. Pursuant Supplemental Rule F, Petitioner alleges that he is entitled to Exoneration for any alleged damage caused to the claimants in the allision, described above, as this occurrence was not the result of any fault or neglect attributable to the Petitioner.

44. Pursuant to 46 U.S.C. Section 30505, 30511, the Petitioner is in the alternative entitled to Limitation to the amount or value of the interest of the Petitioner in the Subject Vessel following the accident, incident resulting in claimants' damages, as the death, personal injuries and property damage occurred without privity or knowledge of the Petitioner within the meaning of 46 U.S.C. Section 30505.

WHEREFORE Petitioner moves this Honorable Court for the following relief:

a.      This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b.      This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the incident as set forth in this Petition, except in the present proceeding;

c.       This Honorable Court approve the Letter to Undertaking filed with the Court as security for the potential claims subject to the claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d.       This Honorable Court adjudge and decree:

i. That Petitioner is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the allision and other events of September 4, 2022;

ii. That if Petitioner shall be judged liable, then such liability shall be limited to the value of his interest in the Subject Vessel immediately following the allision and be divided in accordance with the claimants proof of their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging the Petitioner of all further liability;

e.       That Petitioner may have such other and further relief as this Court deems just and proper.

Dated this 14th day of March 2023

Respectfully Submitted,

**s/ Andrew N. Mescolotto**
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:    (954) 763-5020
FX:    (954) 763-5412
anm@fertig.com
Attorney for the Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 14, 2023 on all counsel or parties of record on the Service List below.

Respectfully Submitted,

/s Andrew N. Mescolotto
Andrew N. Mescolotto
Fertig & Gramling

## SERVICE LIST

| | |
|---|---|
| ANDREW N. MESCOLOTTO (28141)<br>anm@fertig.com<br>FERTIG AND GRAMLING<br>200 Southeast 13th Street<br>Fort Lauderdale, FL 33316<br>PH:    (954) 763-5020<br>FX:    (954) 763-5412<br>*Attorneys for Petitioner*<br>*Via CM/ECF* | No Claimants have appeared. |